IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK CAGE,<br><br>        Plaintiff,<br>v.<br><br>TIFFANY HARPER, et al.<br><br>        Defendants. | Case No. 17-CV-7621<br><br>Magistrate Judge Sunil R. Harjani |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Patrick Cage, has sued the Board of Trustees of the Chicago State University over his termination as General Counsel of the University. In the instant matter, Plaintiff has filed a motion to compel Akerman LLP, a law firm, to comply with a subpoena for documents where Akerman has asserted attorney-client privilege over the documents [175, 176]. Defendants have filed a response brief objecting to the motion [186] and Akerman has adopted those arguments [185]. The question in this dispute is whether the "at-issue" waiver of the attorney-client privilege doctrine applies to compel production of the documents from Akerman. The Court finds that it does not, and therefore denies Plaintiff's motion to compel.

### Discussion

Plaintiff seeks to compel the production of communications between legal counsel (Akerman) and its client (the Board of Trustees and Chicago State University) on the basis that Defendants have pled affirmative defenses of good faith and qualified immunity, and therefore have waived the attorney-client privilege.

The attorney-client privilege is "one of the oldest recognized privileges for confidential communications," *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003), and exists primarily to "'encourage full and frank communication between attorneys and their clients.'" *United States v. Zolin*, 491 U.S. 554, 562 (1989) (*quoting Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). However, the attorney-client privilege can be waived, either explicitly or by implication. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987); *see also United States v. Nobles*, 422 U.S. 225, 239 (1975); *United States v. Brock*, 724 F.3d 817, 821 (7th Cir. 2013). Express waiver occurs where "information that would otherwise be privileged is not kept confidential." *Patrick v. City of Chicago*, 154 F. Supp. 3d 705, 711 (N.D. Ill. 2015). Implied waiver, the relevant inquiry in this case, can occur when a client asserts claims or defenses that put his or her attorney's advice "at issue" in the litigation. *Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001).

The "at issue" waiver doctrine is limited and "should not be used to eviscerate the attorney-client privilege." *Silverman v. Motorola, Inc.*, 07 CV 4507, 2010 WL 2697599 at *4 (N.D. Ill. July 27, 2010) (*citing LG Electronics v. Whirlpool Corp.*, 2009 WL 3294802 (N.D. Ill. 2009)). Merely asserting a claim or defense to which attorney-client communications are relevant, without more, does not constitute a waiver of attorney-client privilege. The privileged party must affirmatively put at issue the specific communication to which the privilege attaches before the privilege will be deemed waived. *United States v. Capital Tax Corp.*, 04 CV 4138, 2011 WL 1399258 (N.D. Ill. 2011); *Beneficial Franchise Co., Inc. v. Bank One, N*.A., 205 F.R.D. 212, 216 (N.D. Ill. 2001).

The Seventh Circuit has not addressed directly the federal common law standard for when a party waives attorney-client privilege by putting privileged information "at issue" in a case. However, in *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995), the Seventh Circuit cited the standard adopted by the Third Circuit in *Rhone-Poulenc*. As a result, district courts within this circuit have applied the *Rhone-Poulenc* standard. *See, e.g., DR Distributors, LLC v. 21 Century Smoking, Inc.*, 2015 WL 5123652 (N.D. Ill. 2015); *Novak v. State Parkway Condo. Ass'n*, 2017 WL 1086767 (N.D. Ill. 2017)); *Capital Tax Corp.*, 2011 WL 1399258; *Silverm*an, 2010 WL 2697599; *Bosch v. Ball-Kell*, 2007 WL 601721 (C.D. Ill. 2007); *Schofield v. U.S. Steel Corp.*, 2005 WL 3159165 (N.D. Ind. 2005); *Chamberlain Group v. Interlogix, Inc.*, 2002 WL 467153 (N.D. Ill. 2002); *Beneficial Franchise Co.*, 205 F.R.D. at 216.

Accordingly, at issue waiver occurs when a party "affirmatively put[s] at issue the specific communication, document, or information to which the privilege attaches." *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 275 (N.D. Ill. 2004). Put another way, attorney-client privilege is generally waived when a client asserts claims or defenses that put his attorney's advice at issue in the litigation. *Garcia*, 58 F.3d at 1175, n.1.

Here, Plaintiff has not established that Defendants have placed the attorney-client communications at issue. Instead, Defendants have explicitly stated it is not relying upon the advice of counsel in proving any of its affirmative defenses. Nor have Defendants relied upon the advice of counsel or any communications with counsel at any deposition or in response to any discovery request. *See e.g. Capital Tax Corp.*, 2011 WL 1399258, at *2 (finding that at issue waiver did not occur where a plaintiff intended to meet its burden of proof on a claim without using privileged information). In turn, Plaintiff has not provided any specific instance in which a Defendant has referenced or identified communications with counsel as being part of the assertion of any affirmative defense. Moreover, Defendants can seek to establish through non-privileged communications and actions these affirmative defenses; nothing about these defenses mandates that advice of counsel be used to prove them.

Rather, two things are clear from Plaintiff's motion and reply brief. First, it is Plaintiff who is placing the communications at issue because he believes that there must be relevant information with respect to his termination from Chicago State University, as counsel appears to have been consulted during the process of termination, at the very least, with respect to the drafting of a severance agreement, as indicated by Defendants' privilege log. However, Defendants have not stated that its good faith or qualified immunity defense is based in any way on communications with counsel. Indeed, Defendants essentially disavow any reliance upon advice of counsel for these defenses in its response brief. [185] Rather, it is Plaintiff who has injected the issue of advice

of counsel in the case, and then sought to obtain that information. That is not a basis for waiver – the privilege holder must be the one to inject the issue. *Motorola v. Hytera*, No. 17 CV 1973, 2018 WL 1804350 at *6 (N.D. Ill. April 17, 2018).

Second, Plaintiff argues that fundamental fairness and access to the truth are considerations that the Court must consider. While some courts have discussed these issues in deciding whether an implied waiver occurred, the Court is aware of no case that has solely relied upon a fairness analysis to find an implied waiver of privilege. Indeed, that holding would effectively eradicate the attorney-client privilege. Relevant evidence is almost always found in attorney-client communications – that is the point of the privilege. It allows the client the protection to discuss a legal issue, often the subject of an eventual lawsuit, in confidence. The fact that the Board consulted with lawyers in the course of terminating a senior level employee at the University is not surprising or unusual. That alone does not waive the privilege on pure relevancy and fairness grounds simply by the mere assertion that the Board generally acted in good faith and that its officers are protected under the qualified immunity doctrine while acting under color of state law.

Finally, Plaintiff claims that the law in the Seventh Circuit is that the simple assertion of a good faith defense or a qualified immunity defense is sufficient to waive the attorney-client privilege. That is not the law in this Circuit. A mere assertion of an affirmative defense, alone, does not waive the privilege. As discussed above, the attorney's advice must be placed at issue in the context of asserting the affirmative defense. *See e.g. Beneficial*, 205 F.R.D. at 216; *see also Johnson v. Rauland–Borg Corp.*, 961 F.Supp. 208, 211 (N.D.Ill.1997) (finding privilege waived, in Title VII case, where employer "intends to argue that it is not liable because it acted reasonably by employing the outside attorney to investigate the matter."); *Panter*, 80 F.R.D. 718, 721 (N.D. Ill. 1978) (finding that the at-issue waiver applied where defendants asserted as an essential element of their defense reliance upon advice of counsel).

In support of its position, Plaintiff advances *Lorenz v. Valley Forge Insurance Company*, 815 F.2d 1095 (1987). However, in *Lorenz*, the Seventh Circuit found no at issue waiver of the privilege because the defendant, the holder of the privilege, did not inject a new factual or legal issue into the case. Even there, where defendant's former attorney had testified, the Court determined that the attorney's testimony was simply a form of proof of a particular fact, but did not inject a new legal issue into the case that warranted waiver. Plaintiff further urges this Court to rely upon *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), which was cited by the Seventh Circuit in *Lorenz*, but without any discussion of its analysis or holding. Some courts have interpreted *Hearn* to be consistent with current Seventh Circuit law that the holder of the privilege must advance a particular communication with counsel in support of a claim or defense to result in an at-issue waiver. *See Motorola*, 2018 WL 1804350, at *5. This is likely because despite the broad language in *Hearn*, the state officials who asserted the qualified immunity defense had implicitly placed at issue the advice they received from the Attorney General's office. Specifically, Plaintiff presented evidence to the court that defendant had received prior notice from the Attorney General that his conduct violated Plaintiff's rights, which was probative in evaluating defendant's malice for his post-notice conduct, and could negate the qualified immunity defense raised by Defendant. *Hearn*, 68 F.RD. at 582-583. Other courts have determined that *Hearn* sought to impose a rule that any time a claim or affirmative defense was asserted, and where the relevant information in support of the claim was contained in the privileged documents, the privilege was

waived -- those courts have rejected reliance on *Hearn*. *See e.g. In re the County of Erie*, 546 F.3d 222, 227 (2d Cir. 2008) (collecting cases); *Rhone-Poulenc*, 32 F.3d at 863; *Trustees of the Electrical Workers v. Trust Fund Advisors, In*c., 266 F.R.D. 1, 12-13 (D.D.C. 2010). Regardless of the holding in *Hearn*, the Court finds that the state of the law in the Seventh Circuit is clear that Defendants must place the privilege communications at issue by advancing those privileged communications in support of its affirmative defenses for there to be an at issue waiver. *See Garcia*, 58 F.3d at 1175, n.1. Defendants have not done so, and thus the Court finds that there has been no waiver.[1]

## Conclusion

Accordingly, Plaintiff's Motion to Compel Compliance with Subpoena Service on Akerman, LLP [175, 176] is denied.

**SO ORDERED.**

Dated: December 19, 2019

_____
Sunil R. Harjani
United States Magistrate Judge

---

[1] The parties raise other arguments about the timeliness of bringing this dispute to the Court based on prior representations to the district judge, and various alleged misrepresentations in the briefing. None of these arguments merit any discussion by the Court.