**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PATRICK CAGE,

        Plaintiff,

v.

TIFFANY HARPER, et al.

        Defendants.

Case No. 17-cv-7621

Magistrate Judge Sunil R. Harjani

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's Motion for Reconsideration and for Clarification [181]. The primary question presented in this motion is whether a United States Magistrate Judge has the authority to order attorney's fees and costs to the victor of a discovery motion pursuant to Rule 37 of the Federal Rules of Civil Procedure.

*Stare decisis* is a paramount principle in our jurisprudence. In *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994), and again in *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996), the Seventh Circuit held that a magistrate judge, in a case on referral, does not have the authority to award Rule 11 sanctions, and that a pretrial or a post-trial sanctions decision is a dispositive order that can only be issued by the district judge. Those decisions are binding on this Court, and nothing in this opinion should suggest otherwise.

However, courts are obligated to apply *stare decisis* in a thorough and deliberate manner before reaching a conclusion that an issue has been settled and that further analysis is unwarranted. Both *Alpern* and *Retired Chicago Police* involved sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure only. The Seventh Circuit has never squarely addressed whether a magistrate judge, on a referral from the district judge to manage discovery, can order Rule 37

attorney's fees and costs, as opposed to only issuing a report and recommendation. There is a split among district and magistrate judges in the Seventh Circuit on this issue, but the majority of these judges have concluded that a Rule 37 sanction is a dispositive matter as a result of the broad language in *Alpern* and *Retired Chicago Police*. Every United States Court of Appeals that has examined the issue directly has held that a Rule 37 award of attorney's fees and costs is a nondispositive order that is within a magistrate judge's statutory authority. After a thorough examination of the issue, this Court finds that 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure empower a magistrate judge to order Rule 37 attorney's fees and costs. For the reasons stated below, Plaintiff's Motion for Reconsideration and for Clarification [181] is denied.

## Background

In this 42 U.S.C. § 1983 civil rights action, Plaintiff Patrick P. Cage alleges that Defendants Tiffany Harper, Nicholas Gowen, Kambium Buckner, Dr. Marshall Hatch, Sr., Dr. Horace Smith, The Board of Trustees of Chicago State University, and Dr. Rachel Lindsey violated Plaintiff's constitutional rights to procedural due process by summarily terminating his employment as the General Counsel at Chicago State University without notice, a hearing, or a chance to present a defense. Doc. [158] at 2. Defendants have denied these allegations. *Id. See also* Doc. [62].

On July 23, 2019, Defendants moved to compel Plaintiff to provide complete written responses to, and produce documents in response to, Defendants' Third Set of Requests for Production [132]. As part of their motion, Defendants requested that they be awarded their fees and costs associated with bringing this motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Doc. [132] at 2, 7-8. On October 9, 2019, the district judge referred all pending discovery motions to this Court, including resolution of Defendants' July 23, 2019 motion to compel. Doc. [159, 160].

On November 8, 2019, the Court granted in part and denied in part Defendants' motion to compel. Doc. [172]. In so holding, the Court found that Plaintiff had committed three significant discovery violations, namely: (1) Plaintiff served late discovery responses without justifiable excuse; (2) Plaintiff failed to separately answer each document request issued by Defendants; and (3) Plaintiff's production of documents in response to Defendants' Third Set of Requests was incomplete. *Id.* at 1-2.

The Court considered what relief, if any, was appropriate for Plaintiff's conduct and concluded that Plaintiff should pay one half of Defendants' attorney's fees associated with bringing the motion:

> Rule 37(a)(5) allows the Court to apportion expenses associated with Defendants' motion in this case, where the motion is granted in part as to the motion to compel, but denied in part as to the request for reopening Plaintiff's deposition. Rule 37(a)(5) further permits fees if a disclosure is made after the motion is filed, which occurred here with the late production of additional documents. The Court finds, for the reasons stated above, that Defendants attempted in good faith to obtain the discovery responses before filing this motion, Plaintiff's conduct is not substantially justified, and that the circumstances warrant the payment of the reasonable attorney's fees and costs in bringing this motion. The Court orders Plaintiff to pay ½ of Defendants' attorney's fees and costs associated with this motion, because the Court has found violations of the discovery rules, but not granted Defendants' request for spoliation discovery.

Doc. [172] at 2.

On November 19, 2019, Plaintiff filed the motion for reconsideration that is now before the Court. Doc. [181]. In Plaintiff's motion, he seeks reconsideration of the Court's November 8, 2019 order, arguing that under *Retired Chicago Police*, "the power to grant sanctions is reserved solely to the district court judge." *Id.* at 2. Although not raised in his initial motion, Plaintiff now argues that the magistrate judge's power with respect to sanctions is limited to a report and recommendation to the district judge, to be reviewed *de novo*. *Id.* As a result, Plaintiff argues that

the Court's sanctions order should be vacated, that no sanctions against Plaintiff should be recommended to the district judge, and that sanctions should be recommended against Defendant Board of Trustees of Chicago State University and Chicago State University for their discovery violations. *Id.* at 9. Defendants and Chicago State University oppose the motion to reconsider, and further argue that a pretrial, fee-shifting award of costs under Rule 37(a)(5) is not a dispositive matter and is within the magistrate judge's authority to order, and not simply to recommend to the district judge. Doc. [204, 205].

<u>Discussion</u>

Magistrate judges are creatures of statute, with powers conferred upon them by Congress as a result of the Federal Magistrates Act of 1968, and later as amended, the Federal Magistrates Act of 1976. Act of October 17, 1968, Pub. L. No. 90-578, 82 Stat. 1108, codified as amended at 18 U.S.C. §§ 3401 to 3402, 3060, 28 U.S.C.A. §§ 604, 631 to 639. The question on the present issue then is whether the statutory authority provided to magistrate judges on referral includes the power to order attorney's fees and costs pursuant to Rule 37.[1] In order to analyze this issue, it is first important to determine whether the issue is settled in the Seventh Circuit and whether binding law governs the conclusion. If unsettled, this Court must examine the statutory framework of the magistrate judge's authority in Section 636, as well as Rules 37 and 72 of the Federal Rules of Civil Procedure, in deciding whether the award of fees and costs is within that authority. Finally,

---

[1] As discussed in this opinion, the Court uses the term "order" to denote a decision under 28 U.S.C. § 636(b)(1)(A) that is nondispositive and within the authority of a magistrate judge to decide, as opposed to "recommend," which signifies a dispositive matter for which a magistrate judge must issue a report and recommendation under Section 636(b)(1)(B). Moreover, this opinion examines the issue only when a district judge has referred a matter to the magistrate judge for resolution, and not in a case where the parties have consented because, on civil consent cases, the magistrate judge takes on all the authority of the district judge. *See* 28 U.S.C. § 636(c).

the Court must apply those conclusions to the present case on Plaintiff's Motion for Reconsideration and address Plaintiff's remaining bases for its motion to reconsider.

## I.      A Magistrate Judge's Authority to Issue Rule 37 Awards in the Seventh Circuit

### A.      General Scope of Authority and Rule 37(a)(5)

Generally, a magistrate judge has the power to issue a nondispositive order to be reviewed by the district judge for clear error. Conversely, for a dispositive matter, absent the consent of all parties, a magistrate judge must issue a report and recommendation to the district judge, which is reviewed *de novo* if one party launches an objection to that recommendation. This scope of authority is delineated in both 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

#### 1.      28 U.S.C. § 636(b)(1)

Section 636 of the Federal Magistrates Act of 1968 establishes the jurisdiction and powers of the magistrate judge. In important part, Section 636(b)(1) distinguishes determinations that magistrate judges may make as orders, to be reviewed by the district court for clear error, *see* 28 U.S.C § 636(b)(1)(A), from determinations for which magistrate judges may only make recommendations, to be reviewed by the district court *de novo*. *See* 28 U.S.C § 636(b)(1)(B)-(C). Under Section 636(b)(1)(A), a district court may designate a magistrate judge to hear and *determine* "any pretrial matter pending before the court," except that a magistrate judge may not rule on eight enumerated types of motions: (1) for injunctive relief; (2) for judgment on the pleadings; (3) for summary judgment; (4) to dismiss or quash an indictment or information made by the defendant; (5) to suppress evidence in a criminal case; (6) to dismiss or permit maintenance of a class action; (7) to dismiss for failure to state a claim upon which relief can be granted; and (8) to involuntarily dismiss an action. For each of these eight excepted motions, Section

636(b)(1)(B) states that a magistrate judge may submit to the district judge "proposed findings of fact and recommendations for the disposition[.]". Any such proposed findings of fact or recommendations by the magistrate judge, upon objection, are entitled to no deference by the district court: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

For the Court's purposes, two aspects of Section 636(b)(1) warrant further consideration. First, although the list of eight excepted motions in § 636(b)(1)(A) appears to be exhaustive, courts of appeals across the country have held the list to be illustrative rather than exhaustive. *See e.g.*, *Carter v. Hickory Healthcare Inc*., 905 F.3d 963, 967 (6th Cir. 2018); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Courts have thus found other types of motions, not explicitly enumerated in Section 636(b)(1)(A), to fall outside of the magistrate judge's power to issue orders because they are sufficiently analogous to the eight enumerated exceptions. *See, e.g.*, *Gomez v. United States*, 490 U.S. at 873-74 (jury selection); *Beemiller*, 527 F.3d at 266 (motion to remand); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1069 (9th Cir. 2004) (order authorizing involuntary medication).

Second, while the terms "dispositive" and "nondispositive" (which are now used by courts to evaluate the boundaries of a magistrate judge's authority) are not in the text of Section 636(b)(1), the legislative history instructs that those concepts were nevertheless considered by the drafters at the time of the 1976 amendment. The original amendment proposed by Senator Quentin Burdick and the Judicial Conference divided pretrial matters to be handled by magistrate judges into two

categories: dispositive and nondispositive. S 1283, 94th Cong., 1st Sess. (March 21 (legislative day, March 12), 1975). Although the general "dispositive" category was ultimately replaced with the list of eight excepted motions currently in Section 636(b)(1)(A), the House and Senate Committee Reports accompanying the amendment consistently referred to the eight excepted motions as "dispositive." H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. 10 to 11 (1976); S. Rep. No. 94-625, 94th Cong., 2d Sess. 4 to 10 (1976). At a hearing before the Committee on the Judiciary for the United States Senate on July 16, 1976, Judge Charles M. Metzner, United States District Court for the Southern District of New York, and chairman of the Judicial Conference Committee on the Administration of the Federal Magistrate System, testified that the dispositive/nondispositive dichotomy in Section 636(b) was intended to alleviate a constitutional concern:

> Under the proposal, a magistrate could hear and determine any pretrial matter that is not essentially dispositive of the litigation . . . In the dispositive area of pretrial proceedings . . . the magistrate would hear the matter but could only recommend a disposition to a judge. This limitation has been provided to avoid the possible constitutional objection that only an article III judge may ultimately determine the litigation.

Jurisdiction of United States Magistrates, Subcomm. on Improvements in Judicial Machinery of the Comm. on the Judiciary, 6 (July 16, 1975). These concepts in the legislative history were essentially codified in Rule 72 of the Federal Rules of Civil Procedure, as discussed below.

### 2. Fed. R. Civ. P. 72

In 1983, the Advisory Committee implemented Rule 72 of the Federal Rules of Civil Procedure. The rule establishes procedures for magistrate judges' pretrial orders and is broken into two subdivisions. Subdivision (a) is labeled "Nondispositive Matters," and "addresses court-ordered referrals of nondispositive matters under 28 U.S.C. § 636(b)(1)(A)." Fed. R. Civ. P. 72(a)

advisory committee's note to 1983 amendment. Subdivision (b) is labeled "Dispositive Motions and Prisoner Petitions," and "governs court-ordered referrals of dispositive pretrial matters and prisoner petitions challenging conditions of confinement, pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B)." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

In this way, Rule 72 expressly links a magistrate judge's ability to issue an order under Section 636(b)(1)(A) to the question of whether the pretrial matter is "dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). If the pretrial matter is "not dispositive of a party's claim or defense," the magistrate judge "must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." *Id.* If such a decision is objected to within 14 days, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Whereas for dispositive motions, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). Then the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Simply put, Rule 72(a), "Nondispositive Matters," tracks Section 636(b)(1)(A), while Rule 72(b), "Dispositive Motions and Prisoner Petitions," tracks Section 636(b)(1)(B).

Courts similarly add the dispositive/nondispositive gloss to Section 636(b) in construing a magistrate judge's power to issue a pretrial order. *See, e.g.*, *Gomez*, 490 U.S. at 868 (characterizing eight excepted motions in § 636(b)(1)(A) as "dispositive" pretrial motions); *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996) (citations omitted) ("Title 28 U.S.C. § 636(b)(1)(A) permits district judges to designate non-Article III magistrate judges for the determination of nondispositive pretrial motions [.]").

In sum, a magistrate judge, on a matter referred from the district judge, may issue an order for a nondispositive pretrial matter, whereas a magistrate judge may only enter a recommended disposition for a dispositive pretrial matter; 28 U.S.C. § 636(b)(1) and Rule 72 provide the legal foundation for that general scope of authority.

### 3. Fed. R. Civ. P. 37(a)(5)

While Rule 37 has numerous subparts, the provision at issue here is Rule 37(a)(5), which states:

> (5) Payment of Expenses; Protective Orders.
>
>> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>
>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>
>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>>
>>> (iii) other circumstances make an award of expenses unjust.
>>
>> (B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

As detailed below, Rule 37(a)(5) has a presumption that costs will be awarded to the victor of the motion, unless certain exceptions are satisfied. Having provided this brief introduction to

Rule 37(a)(5) and a magistrate judge's general scope of authority, the Court turns to the oft-cited *Alpern* and *Retired Chicago Police* decisions in this Circuit.

**B.** **_Alpern_ and _Retired Chicago Police_**

First and foremost, in this Court's view, the question of whether a magistrate judge has the authority to issue Rule 37 sanctions is open in this Circuit because the Seventh Circuit has not squarely addressed the issue. A number of district and magistrate judges in this Circuit have cited to the broad-language in *Alpern* and *Retired Chicago Police* for the proposition that a magistrate judge may only recommend an award of Rule 37 attorney's fees and costs. *See, e.g.*, *Cahill v. Dart*, No. 13-CV-361, 2016 WL 7034139, at *3 (N.D. Ill. Dec. 2, 2016); *Barmore v. City of Rockford*, No. 09 CV 50236, 2014 WL 12791639, at *4 (N.D. Ill. Aug. 20, 2014); *Restoration Specialists, LLC v. Hartford Fire Ins. Co.*, No. 08CV644, 2012 WL 13064230, at *1, *1 n.1 (N.D. Ill. Aug. 1, 2012); *Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424 (N.D. Ill. 2012); *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *2 (N.D. Ill. July 2, 2002). However, there are other district and magistrate judges in this Circuit who have disagreed, either expressly or through application of the more deferential standard of review for nondispositive matters, causing a split of authority in this Circuit. *See Knapp v. Evgeros, Inc.*, No. 15 C 754, 2016 WL 2755452 (N.D. Ill. May 12, 2016); *Berry v. Ford Modeling Agency, Inc.*, No. 09-CV-8076, 2011 WL 3648574, at *3 (N.D. Ill. Aug. 18, 2011); *Lynchval Sys., Inc. v. Chicago Consulting Actuaries, Inc.*, No. CIV.A. 95 C 1490, 1996 WL 735586 (N.D. Ill. Dec. 19, 1996); *Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols. LLC*, No. 1:13-CV-00133-RLY-DK, 2015 WL 1124718, at *2 (S.D. Ind. Mar. 12, 2015).

In both *Alpern* and *Retired Chicago Police*, the Seventh Circuit was faced with sanctions in the context of Rule 11, not Rule 37. Rule 11 provides that attorneys and parties that present

pleadings to the court for improper purposes, based on frivolous arguments, or arguments that lack evidentiary support, can be sanctioned through both monetary and nonmonetary directives. Fed. R. Civ. P. 11. Moreover, Rule 11 explicitly notes that it does not apply to any discovery matters under Rules 26 through Rule 37. *See* Fed. R. Civ. P. 11(d). As further explained below, the distinction between Rule 11 and Rule 37 is an important one and, in the Court's view, determinative on the state of the law in this Circuit.

In *Alpern*, a disgruntled ex-husband who was dissatisfied with his state-court divorce proceedings initiated federal actions to stay the state proceedings and gain damages from his ex-wife, her attorney, and the state judge who pronounced the divorce. 38 F.3d at 934. After dismissing Alpern's second suit, the district court instructed the magistrate judge to "hear and enter [an] order on defendant's motion for Rule 11 sanctions" as a result of the frivolous pleadings. *Id.* (internal quotation marks omitted). The magistrate judge did exactly that, ordering Alpern to pay Rule 11 sanctions in the amount of $3,350. *Id.* Alpern subsequently complained to the district court, who overruled Alpern's objections and eventually added $2,550 to Alpern's tab for not paying the original Rule 11 sanctions ordered by the magistrate judge. *Id.* Thus, it was upon the review of a post-dismissal Rule 11 sanctions award that the Seventh Circuit stated: "[a]lthough an award under Rule 11 is conceptually distinct from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages. The power to award sanctions, like the power to award damages, belongs in the hands of the district judge." *Id.* at 935. Nothing about Rule 37, or even discovery generally, was discussed in *Alpern*.

A discussion of Rule 37, or conduct during discovery, was likewise absent in *Retired Chicago Police*. In that case, a district court adopted a magistrate judge's recommendations for

Rule 11 sanctions for improper conduct by the defendants during the litigation after reviewing the recommendations only for clear error. 76 F.3d at 868. On appeal, the defendants, arguing to uphold the magistrate judge's Rule 11 sanctions, asserted that the *Alpern* holding was inapplicable for two reasons. First, although the Rule 11 motions were not referred to the magistrate judge until after final judgment, the defendants argued that the Seventh Circuit's remand "resuscitated the pretrial nature of the sanctions[.]" *Id.* at 869 (internal quotation marks omitted). Second, the defendants argued that the *Alpern* sanctions concerned sanctions against a party, as opposed to sanctions against a party's attorney. *Id.* The Seventh Circuit found both of the defendants' attempts to distinguish *Alpern* unavailing. Beginning with the defendants' endeavored pretrial distinction, the *Retired Chicago Police* Court stated, "[a]lthough the facts of *Alpern* concerned postdismissal sanctions, our analysis encompassed all sanctions requests, whether pre- or postdismissal." *Id.* The court then rejected the defendants' distinction about parties versus attorneys, reasoning that Section 636 and Rule 72 "distinguish the proceedings a magistrate judge may conduct . . . by the type of *matter* involved, not whether the matter involves parties." *Id.* (emphasis in original). Once again, the Court did not discuss pretrial discovery or Rule 37.

Taken together, *Alpern* and *Retired Chicago Police* are certainly determinative as to a magistrate judge's ability to order Rule 11 sanctions in this Circuit. The Seventh Circuit in *Retired Chicago Police* also previewed the court's reaction to arguments attempting to distinguish the *Alpern* and *Retired Chicago Police* holdings based on the timing of the sanctions motion (pre-dismissal versus post-dismissal) as well as the recipient of sanctions (party versus attorney). After the Seventh Circuit's decisions in *Alpern* and *Retired Chicago Police* and the broad language that the Seventh Circuit used in those cases about the power to award sanctions, it is certainly

understandable that many (but not all) judges in this Circuit have determined that the award of costs and fees pursuant to Rule 37 discovery matters is a dispositive issue.

However, it is important to recognize that these Seventh Circuit opinions are silent as to Rule 37 sanctions. The Seventh Circuit was not faced with a magistrate judge's discovery order in either case. The Seventh Circuit accordingly did not have to grapple with the question of whether a Rule 37 order for attorney's fees and costs as the result of a successful motion to compel is a dispositive pretrial matter requiring *de novo* review by the district court. This Court declines to interpret *Alpern* and *Retired Chicago Police* as resolving the issue—"[j]udges expect their pronunciamentos to be read in context." *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005). Indeed, "general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." *United States v. Ker Yang*, 799 F.3d 750, 755 (7th Cir. 2015) (internal quotation marks omitted) (quoting *Cohens v. Virginia, 6 Wheat*. 264, 19 U.S. 264, 399, 5 L.Ed. 257 (1821) (Marshall, C.J.)).

The scope of Rule 11 sanctions, utterly different than Rule 37 awards, cannot be ignored so easily. Rule 37 and Rule 11 are dissimilar rules. Rule 37 of the Federal Rules of Civil Procedure is titled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions," and it is located in Title V of the Federal Rules of Civil Procedure, which is named "Disclosures and Discovery." Rule 11 is titled "Signing Pleadings, Motions, and Other Papers; Representation to the Court; Sanctions" and is located in a different title of the Federal Rules of Civil Procedure, Title III, "Pleadings and Motions." Furthermore, Rule 37, by its own terms, is limited to addressing issues arising during pretrial discovery. Rule 37 provides for fee-shifting to the victor of a motion to compel and sanctions for: violation of court's orders on discovery; for failing to timely disclose

information or the identity of a witness; and other failures to attend depositions, serve answers to interrogatories, or respond to a request to admit. Fed. R. Civ. P. 37(b)-(d). In contrast, the scope of Rule 11 is more general. The power to award sanctions under Rule 11 is available for any violation of Rule 11(b), which governs any "pleading, written motion, or other paper" certified by an attorney or unrepresented party, whether it occurs during at the beginning of a case, pretrial, at trial, or during post-trial proceedings. Fed. R. Civ. P. 11(b), (c)(1). In *Alpern* and *Retired Chicago Police*, the Seventh Circuit expressly noted that Rule 11 was not limited to "pretrial" matters, and thus not within the authority of magistrate judges under Section 636(b). *See Retired Chicago Police*, 76 F.3d at 868-69. The same cannot be said of Rule 37, which is expressly designed to govern pretrial discovery matters. Indeed, one has to look no further than the text of Rule 11(d) to recognize the clear delineation between Rule 11 and Rule 37. That subdivision reads: "Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). The accompanying advisory committee note specifically states that Rule 37 sanctions are distinct:

> Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result.

Fed. R. Civ. P. 11(d) advisory committee's note to 1993 amendment.

Another important distinction between the rules is that a Rule 11 sanctions order, unlike an order under Rule 37, is an independent matter that can be immediately appealed under the collateral order doctrine. *Kaplan v. Zenner*, 956 F.2d 149, 150 n.1 (7th Cir. 1992); *In re Ronco, Inc.*, 838 F.2d 212, 213 n.1 (7th Cir. 1988). The Seventh Circuit has stated that: "An order granting or denying monetary sanctions against a party or an attorney issued under the provisions of Rule 11

is an appealable decision which constitutes a judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure." *TMF Tool Co. Inc v. Muller*, 913 F.2d 1185, 1188 (7th Cir. 1990).  This notion results in a Rule 11 decision becoming a final order, and thus dispositive in nature.  The Seventh Circuit recognized as much in *Alpern*, as part of its analysis on Rule 11: "Awards of sanctions (indeed, of attorneys' fees in general) are treated as separate claims for purposes of appellate jurisdiction." *Alpern*, 38 F.3d at 935.

Since *Alpern*, the Seventh Circuit had occasion to revisit that decision in the context of deciding whether a motion for attorney's fees under the Equal Access to Justice Act (EAJA) by a successful movant in an immigration matter was a dispositive matter.  *Rajanatram v. Moyer*, 47 F.3d 922, 923 (7th Cir. 1995).  The Seventh Circuit stated that a magistrate judge had authority to enter orders in three kinds of matters: "(1) misdemeanor prosecutions; (2) 'pretrial matters'; and (3) civil proceedings in which the parties consent." *Id.* (citation omitted).  The Court noted that none of the three types of authorities governed a motion for attorney's fees under the EAJA for the prevailing party in a post-judgment proceeding. *Id.* at 924.  Furthermore, in applying *Alpern*, the Seventh Circuit recognized that a decision on the motion for EAJA fees was not a pretrial matter, but rather a "final decision." *Id.*  That final decision in *Rajanatram* was immediately appealable.[2]  Accordingly, the Seventh Circuit's decision in *Rajanatram* provides further clarity on its prior holding in *Alpern*—that the Seventh Circuit was concerned with a magistrate judge's

---

[2] In *Rajanatram*, the Seventh Circuit relied upon *Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993) as persuasive authority for its holding.  In *Estate of Conners*, the Ninth Circuit held that a post-judgment motion for fees was a final, appealable order that was determinative of a claim, and could not be considered "pretrial."  The Ninth Circuit there rightly stated: "Under neither section [636(b)(1)(A) or (b)(1)(A)] may a magistrate [judge] issue a final order directly appealable to the court of appeals." *Id.* at 658.  This concept has been now codified in Rule 54 of the Federal Rules of Civil Procedure, which delineates the rules on "Judgement, Costs" as titled, and specifically addresses post-judgment claims for attorney's fees and costs.  The rule indicates that a motion for attorney's fees is a dispositive matter.  Fed. R. Civ. P. 54(d)(2)(D). *See Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 946–47 (D.C. Cir. 2017).

authority to enter orders in matters that were final decisions, which could be immediately appealed. In contrast, the United States Supreme Court has expressly held that awards under Rule 37(a) are *not* immediately appealable to the court of appeals, and an appeal of those awards must generally be made after final judgment has been entered in the case. *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198 (1999); *see also Sonii v. Gen. Elec. Co.*, 359 F.3d 448, 450 (7th Cir. 2004). Thus, since a Rule 37 monetary award is not a final decision subject to immediate appealability, unlike the Rule 11 sanctions decisions in *Alpern* and *Rajanatram*, it should appropriately be considered nondispositive in nature.

Furthermore, the Seventh Circuit's holding in *Alpern* was based on the concept that a Rule 11 sanctions award was akin to a claim for damages, and that a denial of a request for sanctions was essentially identical to a denial to a request for damages, which a magistrate judge cannot enter as an order. *Alpern*, 38 F.3d at 935. The Rule 11 monetary sanction in that case concerned the conduct of a party in bringing a harassing pleading. The Seventh Circuit recognized in *Alpern* that the payment of funds under Rule 11 was similar to a claim for monetary damages, and akin to the entry of judgment. *Id. See also TMF Tool*, 913 F.2d at 1188 (holding an order granting or denying sanctions under Rule 11 constitutes a judgment). Magistrate judges, of course, do not have the authority to enter judgments on referred cases, as those decisions are unquestionably dispositive orders. In contrast, it would be hard to classify a Rule 37 fee-shifting monetary award as akin to a claim for damages or a judgment. Rule 37(a)(5) provides that, if a motion is granted, the court "must" require the opposing party to pay the movant's reasonable expenses in making the motion, including attorney's fees. It is only upon a showing of one of the three delineated exceptions that a court can deny the award of fees and costs. Put another way, a court awarding fees and costs under Rule 37(a) is not communicating that a party is being

compensated with damages as a result of frivolous and harassing conduct. Rather, Rule 37(a) awards flow directly from discovery rulings that concern the underlying case, and are presumptively granted unless certain exceptions are met. Thus, unlike Rule 11 sanctions, Rule 37(a) awards are not discretionary – the decision to award those fees and costs has already been determined by the rule once a discovery motion is granted or denied, subject to certain exceptions discussed above. And, the substantive discovery decisions, and the mandatory fee-shifting that results from them, are most definitely "pretrial" matters under any definition of that term in that they occur only during the discovery phase of the case, and do not in any way resolve a claim for damages in the litigation. Thus, another one of the bases for the Seventh Circuit's decision in *Alpern* is not applicable to Rule 37(a) fee-shifting awards.

C.       **Rule 37 Fee Shifting and *Rickels***

In the same year that *Alpern* was decided, the Seventh Circuit had occasion to highlight an important discrepancy between Rule 11 and Rule 37 in *Rickels v. City of South Bend, Ind*. 33 F.3d 785, 786 (7th Cir. 1994). In *Rickels*, the plaintiff in a 42 U.S.C. § 1983 action against the South Bend, Indiana Police Department served discovery requests on an attorney, Evans, who had represented him in an unrelated litigation against his former wife. Evans sought a protective order, which was granted by the district court. *Id.* The district judge further awarded Evans $1,386.78 under Fed. R. Civ. P. 37(a)(4) for the expenses of seeking the protective order. *Id.* The plaintiff appealed the award of discovery sanctions. *Id.* The Seventh Circuit called the plaintiff's appeal "foredoomed," emphasizing that "Rule 37(a)(4) presumptively requires every loser to make good the victor's costs." *Id.* The court cited to then Rule 37(a)(4)'s requirement (now contained in Rule 37(a)(5)) that the loser on a motion for a protective order or motion to compel *must* be required to pay "the reasonable expenses incurred in opposing the motion, including attorney's fees, unless

the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." *Id*. The court easily batted away the plaintiff's apparent belief that other circumstances made the award of sanctions unjust, and upheld the district court's award of sanctions to Evans under Rule 37. *Id.* at 787.

Evans further sought reimbursement for the cost of opposing what she called plaintiff's "frivolous appeal," and sought remand under Rule 11 for sanctions to be imposed. *Rickels*, 33 F.3d at 787. The Seventh Circuit initially observed that sanctions for frivolous appeals are governed by Fed. R. App. P. 38, not Rule 11. *Id*. The *Rickels* court then held that Evans did not need to pursue another rule because Rule 37(a)(4) is a fee-shifting rule intended to make Evans whole for all costs incurred in fighting for her protective order, even those on appeal: "The rationale of fee-shifting rules is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place. This cannot be accomplished if the victor must pay for the appeal out of his own pocket." *Id.* (citation omitted). The only potential obstacle the Seventh Circuit saw in holding that Rule 37 awards encompassed the costs of appealing those awards was a Supreme Court decision, in which the court stressed that the Federal Rules of Civil Procedure apply only in the district courts. *Id.* (citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 406-07 (1990)). The court bypassed the *Cooter & Gell* hurdle by focusing on the Supreme Court's emphasis that Rule 11 is *not* a fee-shifting rule, stating: "Yet the Court also emphasized that Rule 11 is not a fee-shifting rule, implying that fee-shifting rules should be treated differently from rules designed to sanction frivolous positions." *Id.* (citation omitted). Based on that direction from the Supreme Court, the *Rickels* Court held that when a district court awards fees to a prevailing party, the costs of defending the award on appeal are added to that award as a matter of course. *Id.*

Thus, near the time of its decisions in *Alpern* and *Retired Chicago Police*, the Seventh Circuit in *Rickels* recognized a substantial difference between Rule 37(a) and Rule 11. Rule 11 is a statute designed to punish frivolous positions, whereas Rule 37(a) is a fee-shifting provision intended to make the victor on a discovery motion whole. The Seventh Circuit, moreover, stated that Rule 37 and Rule 11 should be treated differently, in light of that distinction. As a result, it seems unlikely that the Seventh Circuit intended its holdings in *Alpern* and *Retired Chicago Police*, concerning Rule 11 sanctions, to apply to Rule 37(a) fee-shifting.

### D. *Meux* and the Turnover of Funds

One of the underpinnings to the *Alpern* and *Retired Chicago Police* holdings was the concept that the exchange of money between the parties in these cases is a dispositive matter and therefore beyond the magistrate judge's power to issue as orders. *See Alpern*, 38 F.3d at 935 ("Although an award under Rule 11 is conceptually distinct from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages."); *Retired Chicago Police*, 76 F.3d at 868 (explaining the *Alpern* court held that a magistrate judge cannot order sanctions because such orders are dispositive in that they require one party to pay another). Yet in 2010, the Seventh Circuit analyzed an exchange of money between the parties and decided that the magistrate judge was authorized to order such an award in *United States v. Meux*.

The *Meux* case involved a post-judgment turnover of funds following a defendant's conviction and restitution order for $134,218.52. *United States v. Meux*, 597 F.3d 835 (7th Cir. 2010). The district court had referred all post-judgment proceedings to the magistrate judge. *Id.* at 836. The magistrate judge granted the government's motion for turnover of funds for restitution, which sought turnover of $4,881.00 that belonged to the defendant. *Id.* at 836-37. The

defendant appealed the magistrate judge's ruling, arguing that the magistrate judge did not have jurisdiction to enter a final order directing $4,881.00 be turned over to the government. *Id.* at 837. The Seventh Circuit disagreed with the defendant, reasoning that under the Federal Debt Collection Procedures Act (FDCPA), the district court could "assign its duties in proceedings under this chapter to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States." *Id.* (internal quotation marks omitted) (quoting 28 U.S.C. § 3008). According to the *Meux* Court, once the restitution was ordered, 18 U.S.C. § 3613(c) of the FDCPA made it so that all of the defendant's property was subject to a lien. *Id.* "The magistrate judge, having been assigned by the district court judge the duties to conduct all post-judgment proceedings, had authority in the instant case to hold a hearing and to order the turnover of funds to satisfy that lien." *Id.* at 837-38. The Seventh Circuit thus upheld a magistrate judge's order that one party pay another.

The FDCPA provision cited by the Seventh Circuit in *Meux* granted district courts the ability to refer duties to a magistrate judge *to the extent not inconsistent with* other laws. If the rule in the Seventh Circuit truly were that each exchange of money is beyond a magistrate judge's reach under Section 636(b)(1)(A), then the Seventh Circuit should have found the magistrate judge's order granting the turnover of funds in *Meux* to be unauthorized. It did not. The Court therefore finds the *Meux* case to present one more sign that the issue of whether a magistrate judge can order monetary awards under Rule 37 is not foreclosed by *Alpern* and *Retired Chicago Police*.

### E. Discovery Sanctions as Pretrial and Nondispositive in *Hunt* and *Domanus*

Furthermore, the Seventh Circuit has applied Rule 72(a)—the rule on "Nondispositive Matters"—to magistrate judge rulings on discovery sanctions in at least two opinions coming after

*Alpern* and *Retired Chicago Police*. These cases are, in this Court's view, more instructive on the issue of Rule 37(a) awards than *Alpern* or *Retired Chicago Police*.

The first such opinion is *Hunt v. DaVita, Inc.*, 680 F.3d 775 (7th Cir. 2012). In *Hunt*, an employment action, the plaintiff argued that the magistrate judge erred by not striking the deposition testimony of a senior employee of the defendant. 680 F.3d at 780. According to the plaintiff, the defendant's counsel had coached the senior employee during her deposition and had substantive discussions with her about her testimony during breaks. *Id.* In her motion for sanctions, the plaintiff had specifically asked that: the testimony of the senior employee be stricken, that the plaintiff's attorney be awarded the costs of taking the deposition, and that the plaintiff's attorney be awarded reasonable attorney's fees for taking the deposition. Motion for Sanctions at 1, *Hunt v. Davita*, 3:10-cv-00602 (S.D. Ill. May 21, 2011), ECF No. 35. While the plaintiff requested these sanctions under Rule 30(d)(2), the plaintiff's motion nevertheless included a request for monetary sanctions in response to a discovery violation, akin to a motion for monetary sanctions under Rule 37.

While the Seventh Circuit acknowledged the lack of professionalism and inappropriateness of such behavior by counsel, the *Hunt* Court nevertheless deferred to the magistrate judge's discretion in denying the plaintiff's motion for sanctions: "We defer to district courts' contemporaneous efforts to police discovery, reviewing only for abuse of discretion, of which there is no hint here. The magistrate judge determined that the conduct did not actually impede the purpose of the deposition. He did not abuse his discretion by refusing to strike the relevant testimony or to apply other sanctions." *Id.* In a corresponding footnote, the Seventh Circuit stated that it reached the merits of the plaintiff's magistrate judge argument despite the fact that the plaintiff failed to make a timely objection to the magistrate judge's ruling under Rule 72(a): "Hunt

did not file a timely objection to the magistrate judge's *non-dispositive pretrial discovery order* as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a). Such a failure to object ordinarily waives the right to object on appeal . . . DaVita waived the waiver here, so we address the issue on its merits." *Id.* at 780 n.1 (emphasis added) (citations omitted). The Seventh Circuit in *Hunt* hence upheld a magistrate judge's discovery sanctions order, including the denial of monetary sanctions, characterized the order as "non-dispositive" and "pretrial," and applied Rule 72(a), all of which demonstrate that the Seventh Circuit believed a magistrate judge does have the authority to issue a discovery sanctions order.

The Seventh Circuit's application of Rule 72(a) to a magistrate judge's discovery sanctions order was even more stark in *Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014). The plaintiffs had requested that the magistrate judge enter sanctions orders: barring defendants from introducing into evidence documents produced from a hard drive the defendants had destroyed; finding defendants in civil contempt for violating the magistrate judge's orders; imposing a daily fine until various records were produced; and requiring the defendants to pay the plaintiffs' attorney's fees and costs in bringing the motion for sanctions under Rule 37(a)(5). Motion for Sanctions, *Domanus, et al. v. Lewicki, et al.*, 1:08-cv-04922 (N.D. Ill. Feb. 21, 2012), ECF No. 459. The magistrate judge found that the defendants committed serious discovery violations but declined to order any monetary sanctions; instead, she ordered adverse jury instructions. Order, *Domanus, et al. v. Lewicki, et al.*, 1:08-cv-04922 (N.D. Ill. Jun. 8, 2012), ECF Nos. 527, 528.

The district court, after overturning the magistrate judge's orders for an adverse jury instruction as a sanction, entered a $413 million default judgment against defendants for ongoing discovery abuses. *Id.* at 293-94. On appeal, a defendant argued that the magistrate judge did not clearly err in imposing lesser sanctions, and that it was therefore an abuse of discretion for the

district court to award harsher sanctions. *Id.* at 296. The Seventh Circuit, in reviewing the district court's decision to overturn the magistrate judge's orders, held Rule 72(a) governed and characterized the magistrate judge's discovery sanctions orders as nondispositive: "Section 636 of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern district court review of *nondispositive magistrate judge decisions* . . . In short, the district judge reviews magistrate-judge discovery decisions for clear error." *Id.* at 295 (emphasis added) (citations omitted). The *Domanus* Court ultimately agreed that the magistrate judge had clearly erred and held that the district court did not abuse its discretion. *Id.* at 296-98. By holding that Rule 72(a) governed the district court's review of the magistrate judge's discovery sanctions orders, and by expressly classifying those orders as "nondispositive," the Seventh Circuit indicated that magistrate judges have the power to issue monetary discovery sanctions as orders.

In both *Hunt* and *Domanus* the Seventh Circuit applied Rule 72(a)—the rule governing the standard of review for nondispositive pretrial matters—to magistrate judges' discovery sanctions orders. And in *Hunt* and *Domanus*, the Seventh Circuit classified the denial of monetary sanctions as a nondispositive order; that classification should be no different if the magistrate judge chooses to grant those sanctions. Accordingly, in this Court's view, *Hunt* and *Domanus* are more instructive then *Alpern* and *Retired Chicago Police* in that these cases demonstrate that the Seventh Circuit recognizes that pretrial discovery sanctions orders are generally nondispositive matters.

Having determined that the issue of a magistrate judge's authority to issue Rule 37 monetary sanctions on a referred matter is open and not settled in this Circuit, the Court turns to the statutory analysis of the relevant provisions.

## II.    A Magistrate Judge Can Award Monetary Sanctions under Rule 37

Whether a magistrate judge has the power to order Rule 37 monetary awards as a pretrial order (and not a recommendation) turns on the answer to a straightforward question: is an award of attorney's fees and costs under Rule 37 "dispositive" of a party's claim or defense?

Congress created the role of the magistrate judge to lessen the burden of the Article III district court judge. *See Peretz v. United States*, 501 U.S. 923, 934 (1991).  A creation of Article I of the U.S. Constitution, the magistrate judge's powers are limited by Congress' explicit grant of authority, found in 28 U.S.C. § 636.  Rule 72 of the Federal Rules of Civil Procedure further explains the scope of those powers.  As explained below, the correct reading of the relevant provisions leads to the conclusion that a magistrate judge has the authority to award monetary costs under Rule 37 as an order, to be reviewed only for clear error.

### A.    The Statutory Text

"It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917).  Courts must follow and apply this plain meaning rule, and often look to dictionary definitions to do so. *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 477 (1992); *Will v. Mich. Dept of Police*, 491 U.S. 58, 69 n.9 (1989); *Pittston Coal Group v. Sebbe*, 488 U.S. 105, 113 (1988).

The first operative word is "pretrial", which is found in the statutory authority provided to magistrate judges by Congress in Section 636(b)(1)(A).  As stated above, the statutory text of Section 636(b)(1)(A) provides that a magistrate judge can hear and determine any *pretrial* matter pending before the court, except for the eight excepted motions.  "Pretrial" is defined as "occurring

or existing before a trial," MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/pretrial (last visited Feb. 26, 2020), and "relating to the period before a trial." OXFORD ENGLISH DICTIONARY, http://www.oed.com (last visited Feb. 26, 2020).

As also stated above, Rule 72 provides that a magistrate judge, on a referral, can issue orders on nondispositive matters, but report and recommendations on dispositive matters. Thus, turning to the operative word in Rule 72, Black's Law Dictionary defines "dispositive" as "[b]eing a deciding factor; (of a fact or factor) bringing about a final determination." BLACK'S LAW DICTIONARY (11th ed. 2019). A "dispositive motion" is defined as: "A motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in a judgment on the case as a whole, as with a motion for summary judgment or a motion to dismiss." *Id.* Furthermore, Rule 72(b) does not use the term "dispositive" in a vacuum – it specifically states that the matter must be dispositive of "a claim or defense."

Take the monetary sanctions that were awarded in this case under Rule 37(a)(5)(C) as a representative example in applying these definitions. Specifically, under Rule 37, there are primarily five avenues for a court to order monetary awards:

(1) fee-shifting on motions to compel and motions for protective orders under Rule 37(a)(5);

(2) payment of expenses for failing to obey a discovery order under Rule 37(b)(2)(C);

(3) payment of expenses for failure to disclose, supplement an earlier response, or to admit under Rule 37(c);

(4) payment of expenses for party's failure to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection under Rule 37(d)(3); and

(5) payment of expenses for failing to participate in framing a discovery plan under Rule 37(f).

Rule 37(a) specifically pertains to a party's motion for an order compelling disclosure or discovery, and Rule 37(a)(5)(C) provides that if a court grants in part and denies in part such a motion to compel, the court may apportion reasonable expenses for the motion:

> *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C). That is exactly what the Court did in this case, finding that one half of Defendants' attorney's fees and costs associated with the motion to compel was a reasonable apportionment of expenses. Doc. [172] at 2. This Court's order to shift Defendants' motion costs to Plaintiff does not result in a disposition of a claim or a defense. Nor does the Rule 37(a)(5)(C) order impact, in any way, the merits of Plaintiff's civil rights case. The Court's order further does not bring about a final determination or terminate the activity of the case in the district court. The only thing that could change as a result of the Court's fee-shifting order, is that Defendants may recoup some of their costs in bringing the motion to compel. The substantive nature of the merits of the case is exactly the same as it was before the Rule 37(a)(5)(C) order awarding fees.

Moreover, even if one could make the argument that the Court's award of fees is dispositive on the issue of a claim for those fees, the dichotomy of dispositive/nondispositive would then become superfluous and lead to an absurd result. *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006) (citations omitted) ("When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent."). This is because every pretrial

discovery order, such as to compel a response to an interrogatory or a document request, is in effect a court determination on that particular issue. Accordingly, the plain meaning of the word "dispositive" in the context of Rule 72 should be defined as applying to orders that will bring about something akin to a final disposition in order to distinguish it from the plain meaning of the other, equally important word in Rule 72—"nondispositive."

However, examining the plain language of the terms "pretrial" and "dispositive" does not end the analysis. This is because the excepted motions in Section 636(b)(1)(A) include motions for injunctive relief (such as preliminary injunction motions) and motions to certify a class, which do not technically dispose of an entire claim or the case. As stated above, courts dealing with the dispositive/nondispositive distinction have compared the motion at hand with the motions that are delineated and excepted in Section 636(b)(1)(A), and which have been deemed dispositive in nature by courts. This is consistent with a common method of statutory construction to look at the plain meaning of the text in the context of the entire statute. *See K Mart Corp. v. Cartier, Inc*., 486 U.S. 281, 291 (1988) (citations omitted) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."). Courts have held that if the motion is not specifically listed but is the "functional equivalent" or has an "identical effect" as one of the enumerated motions, the motion is deemed dispositive and therefore outside of the magistrate judge's authority to issue an order. *See*, *e.g*., *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (denial of motion to proceed in forma pauperis was "functional equivalent" of involuntary dismissal and was outside scope of magistrate's authority); *Ocelot Oil Corp. v. Sparrow Indus*., 847 F.2d 1458, 1462 (10th Cir. 1988) (citations omitted) ("motions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect"); *Beemiller*,

527 F.3d at 266 (citations omitted) ("Because a § 1447(c) remand order 'determine[s] the fundamental question of whether a case could proceed in a federal court,' it is indistinguishable from a motion to dismiss the action from federal court based on a lack of subject matter jurisdiction for the purpose of § 636(b)(1)(A).")

Nevertheless, a Rule 37 monetary order is not the "functional equivalent," nor does it have an "identical effect" to any of the dispositive motions excepted in Section 636(b)(1)(A). As discussed above, those eight dispositive motions are motions: (1) for injunctive relief; (2) for judgment on the pleadings; (3) for summary judgment; (4) to dismiss or quash an indictment or information made by the defendant; (5) to suppress evidence in a criminal case; (6) to dismiss or permit maintenance of a class action; (7) to dismiss for failure to state a claim upon which relief can be granted; and (8) to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A).

Upon examination of these excepted motions, it is clear to this Court that a motion for monetary discovery sanctions does not belong in this group. A successful motion for injunctive relief, the first excepted motion, brings about "a drastic and extraordinary remedy . . . ." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010) (citations omitted); *see Nken v. Holder*, 556 U.S. 418, 428 (2009) (internal quotation marks and citations omitted) ("When a court employs the extraordinary remedy of injunction, it directs the conduct of a party, and does so with the backing of its full coercive powers."). By contrast, Rule 37 is structured so that ordering sanctions is the ordinary and standard course for judges. Specifically, Rule 37(a)(5)(A) states that if the court grants a motion to compel, or if the disclosure of requested discovery is provided after the motion to compel is filed, the court "must" order the loser to pay the winner's reasonable expenses incurred in making the motion unless an exception applies. This default of the award of costs is prevalent throughout Rule 37. Moreover, an injunctive order generally constrains action or

requires action by a party because the normal legal remedy, money after the fact, will not make the plaintiff whole. A Rule 37 monetary sanction does not constrain any action by a party. The loser pays the winner after the "injury," which in the case of Rule 37(a)(5) is the cost of bringing or opposing the motion to compel, to make the winner whole. *See Rickels*, 33 F.3d at 787 (citation omitted) (stating the rationale for fee-shifting rules like Rule 37 "is that the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place"). So, a Rule 37 monetary sanctions order is not like an order for injunctive relief.

Nor is a Rule 37 award like the second, third, or seventh exceptions—motion for judgment on the pleadings, motion for summary judgment, and motion to dismiss for failure to state a claim upon which relief can be granted. A judgment on each of these motions has the power to drastically change the landscape of the case. If granted, a judgment on the pleadings under Rule 12(c) or a motion to dismiss for failure to state a claim under Rule 12(b)(6) can knock out an entire claim or counterclaim, so that no evidentiary resolution of the claim or counterclaim is ever had. If no claim survives a judgment on the pleadings, an entire case can be terminated. Summary judgment is likewise a dispositive event that has the power to completely eliminate and dispose of counts in a complaint. "The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense." *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). A Rule 37 award of monetary sanctions is different because it does not dispose of a party's claims.

The fourth and fifth excepted motions in Section 636(b)(1)(A) are easily dispensed with as different than a Rule 37 monetary sanctions motion, as both deal with impactful rulings in criminal cases. "A motion to dismiss an indictment is [ ] similar to a civil Rule 12(b)(6) motion, which tests the sufficiency of the underlying complaint (here the indictment)." *United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1346, 1349 (N.D. Ill. 1997). The effect of an indictment dismissal is also similar to that of a complete civil dismissal under Rule 12(b)(6); the case, as outlined by the dismissed indictment, is over. A motion to suppress, too, can have colossal consequences on the trajectory of a case. An order suppressing key evidence in a firearms or narcotics case, for example, could lead to the case being dismissed in its entirety. Whereas, again, a Rule 37 monetary award impacts only the wallet of the loser on a particular discovery matter. It cannot be said, then, that a Rule 37 award is like a motion to dismiss an indictment or a motion to suppress evidence in a criminal case.

A Rule 37 monetary award is also not like the sixth excepted motion under Section 636(b)(1)(A)—an order to dismiss or permit maintenance of a class action, the ramifications of which are readily apparent. Under Rule 23, a class action can only be maintained if two conditions are met: the suit must satisfy the criteria of numerosity, commonality, typicality, and adequacy of representation under Rule 23(a); and one of the categories described in Rule 23(b) must be met. Fed. R. Civ. P. 23. Rule 23 thus, "[b]y its terms . . . creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If a court finds that a plaintiff has not met the criteria of Rule 23, the court must deny the motion to maintain the class, and the plaintiff must proceed with individual litigation, a completely different claim. A Rule 37

monetary award, unlike an order denying or granting a motion to maintain a class action, does not have the same power to shift the course of the case or a claim.

Finally, the effect of a motion for expenses under Rule 37 does not resemble, in any way, the effect of a motion for involuntary dismissal, the eighth excepted dispositive motion under Section 636(b)(1)(A). The plain text of Rule 41 shows why. Rule 41(b) states:

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). An involuntary dismissal under Rule 41 thus empowers a court to order the dismissal of a claim or action. Furthermore, Rule 41(b) expressly states that, subject to a few exceptions, an order for involuntary dismissal "operates as an adjudication on the merits." In turn, the provisions in Rule 37 empowering a court to award expenses do not result in the dismissal of a claim or action, and a Rule 37 monetary award is certainly not an adjudication on the merits. As a result, a Rule 37 monetary award is not like the excepted dispositive motion for involuntary dismissal. Accordingly, none of the eight excepted motions is functionally equivalent or has an identical effect to a Rule 37 award of fees,[3] and the statutory analysis above leads this Court to conclude that a Rule 37(a) monetary award should be deemed a nondispositive pretrial matter.

---

[3] Of course, there are sanctions in Rule 37 that would likely have a dispositive effect on a case. Nothing in this opinion should suggest that those sanction should be viewed any other way—such orders that dispose of a claim are certainly dispositive. For example, Rule 37(b)(2)(A) permits a court to order the striking of pleadings, dismissing an action, or rendering a default judgment against a disobedient party for violations of certain discovery orders. But those orders are often the exception under Rule 37, and are not at issue here. More often than not in a discovery dispute, particularly under Rule 37(a)(5), if relief is granted for bringing the motion to compel, it is a fee-shifting award

### B.      The Supreme Court's Decision in *Cunningham v. Hamilton County*

The Supreme Court has weighed in on Rule 37(a) monetary sanctions, albeit in a different context, in *Cunningham v. Hamilton County,* 527 U.S. 198 (1999), which was decided after *Alpern* and *Chicago Retired Police.*   In *Cunningham*, the Supreme Court assessed whether a district court's affirmance of a magistrate judge's Rule 37(a) sanctions award was "final" for purposes of 28 U.S.C. § 1291. *Cunningham*, 527 U.S. at 200-01.   Importantly, the magistrate judge had ordered—not recommended—that the plaintiff pay $1,494.00 for costs and fees incurred by the defendants' counsel, pursuant to Rule 37(a). *Id.* at 201.   The district court, further, had affirmed the magistrate judge's Rule 37(a) order, concluding that the magistrate judge's order was not contrary to law. *Id.*   The Supreme Court was thus, post-*Alpern* and *Retired Chicago Police*, faced with a procedural posture in which the district court reviewed a magistrate judge's Rule 37(a) sanction for only clear error, signaling a nondispositive pretrial order. *See* Fed. R. Civ. P. 72(a). While the issue presented here was not squarely before the Supreme Court, if the law were uncertain that a magistrate judge could order Rule 37 expenses, one would expect the Supreme Court to take notice.

The *Cunningham* case is also noteworthy for its characterizations of Rule 37.   In determining whether the district court's affirming order constituted a final order under 28 U.S.C. § 1291, the Supreme Court initially observed that a Rule 37(a) sanction would *not* ordinarily be considered a final decision because it does not end the litigation on the merits. 527 U.S. at 204.   In response to the plaintiff's comparison of a Rule 37(a) award to a finding of contempt (which is immediately appealable), the *Cunningham* Court emphasized that a Rule 37(a) sanctions order "lacks any prospective effect and is not designed to compel compliance." *Id.* at 207.   The Supreme Court elaborated that permitting immediate appeals from Rule 37(a) awards would "undermine

the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Id.* at 208. In particular, the *Cunningham* Court honed in on the fact that a contempt order has consequences that cannot wait for an appeal after the resolution of the entire case, whereas an attorney sanctioned under Rule 37(a) "by and large suffers no inordinate injury from a deferral of appellate consideration of the sanction. He need not in the meantime surrender any rights or suffer undue coercion." *Id.* at 208 (internal quotation marks and citation omitted). In further discussing the issue, the Supreme Court recognized that a Rule 37(a) monetary sanctions order often will be inextricably intertwined with issues in an ongoing litigation. 527 U.S. at 205. The *Cunningham* Court observed that the sanctions at issue were a result of discovery violations, such as partial responses and objections to defendant's discovery requests. *Id*. at 206. The Supreme Court's recognition that Rule 37 was tightly tied to the pretrial and discovery process and not immediately appealable is instructive that the high court does not view a Rule 37(a) order as a final disposition of any claims in a litigation, and thus a Rule 37(a) award should properly fall into the category of nondispositive matters.

C.    **The Purpose of the Federal Magistrates Act is Effectuated With a Conclusion that Pretrial Discovery Orders are Nondispositive**

In this Court's view, the statutory analysis is determinative on the outcome of this issue. *Cooper Indus., Inc. v. Aviall*, 543 U.S. 157, 167 (2004) (noting that when the text of the statute is clear, there is no need to consult its purpose). The Supreme Court's direction in *Cunningham*, and the Seventh Circuit's analysis in *Hunt* and *Domanus*, provides further confirmation for the conclusion that Rule 37 monetary awards are pretrial, nondispositive matters. Nevertheless, to the extent one examines the purpose of the Federal Magistrates Act, that examination supports (and does not alter) the Court's conclusion on the question presented. *See Intl FCStone Fin. Inc. v. Jacobson*, 2020 WL 881270 (7th Cir. Feb 24, 2020) (recognizing that plain text trumps purpose,

but that words are given meaning by their context, and context includes the purpose of the statute) (*citing* Scalia & Garner, READING LAW 20 (2012)).

As the Supreme Court has observed on more than one occasion, the Federal Magistrates Act was intended to ease the burden of the district courts. *See Peretz*, 501 U.S. at 934 (1991) (citations omitted) ("The Act is designed to relieve the district courts of certain subordinate duties that often distract the courts from more important matters."); *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991) (citation omitted) ("The central purpose of the 1976 amendment to the Magistrate's Act was to authorize greater use of magistrates to assist federal judges 'in handling an ever-increasing caseload.'"). A specific concern of the 1976 amendment was that the Federal Rules of Civil Procedure provided for many motions, including "various motions relating to discovery," through which a party could invoke the decision of a district court. H.R. Rep. 94-1609, 7, 1976 U.S.C.C.A.N. 6162, 6167. According to the Committee on the Judiciary, "[w]ithout the assistance furnished by magistrates in hearing matters of this kind, and others not specifically named, it seems clear . . . that the judges of the district court would have to devote a substantial portion of their available time to various procedural steps rather than to the trial itself." *Id.* Further, to avoid the inefficiency of requiring the district court to review a report and recommendation for preliminary and pretrial matters, the 1976 amendment drafters empowered the magistrate judge to "hear and determine" the pretrial matters not excepted in Section 636(b)(1)(A):

> [T]he revision proposed in this bill makes it clear that Congress intends that the magistrate shall have the power to make a determination of any pretrial matter (except the enumerated dispositive motions) and that his determination set forth in an appropriate order shall be 'final' subject only to the ultimate right of review by a judge of the court . . . it seems to the Committee to be inefficient and duplicative to require a 'report and recommendation' from the magistrate to the judge as a prelude to a separate order by the judge in order to dispose of preliminary and pretrial matters. Thus the statute uses the term 'hear and determine' in vesting the

> authority of a magistrate, subject, of course, to ultimate review by
> the court.

H.R. Rep. 94-1609, 10, 1976 U.S.C.C.A.N. 6162, 6170.  In light of Congress' clear statement to lighten the district courts' load and to avoid the inefficient and duplicative process of requiring a report and recommendation for preliminary and pretrial matters, it seems unlikely that Congress intended that a magistrate judge be required to issue a report and recommendation for a fee-shifting discovery order and thus impose an additional burden on district judges of *de novo* review.

Indeed, a report and recommendation on a Rule 37 award of expenses is a particularly inefficient way for a district court to dispose of a party's objection.  From a practical standpoint, as understood by the drafters of the 1976 amendment to the Federal Magistrates Act, district courts refer discovery supervision and other pretrial matters to magistrate judges so that they can focus their time and energy on the more pressing dispositive matters and trials—those matters which only Article III judges can constitutionally order.  Clearly erroneous review on pretrial matters exist for a reason—to ensure that only serious and substantial errors of law are brought to the district judge and to not encourage parties to reflexively relitigate the same issues whenever they receive an unfavorable ruling.  Clearly erroneous review on the substance of the discovery motion and *de novo* review on the award of costs would be inefficient and nonsensical.  It would require the district judge, who is generally removed from the discovery process in a referral situation, to fully review the merits of the discovery decisions that had been issued by the magistrate judge. This is because a Rule 37 award requires a determination about whether the opposing party's nondisclosure or objection was "substantially justified." *See*, *e.g.*, Fed. R. Civ. P. 37(a)(5).  To apply clearly erroneous review to the substance of the dispute but then *de novo* review to the award of costs, which imbedded within it requires a discussion of the substance of that very dispute in

order to examine whether the opposition was substantially justified, would eradicate the efficiencies created by referring discovery supervision to the magistrate judge.

Significantly, Rule 37 directs that the presumption is to award expenses to the prevailing party on a motion to compel, one of the most common—if not the most common—discovery motions. As a result, requiring a report and recommendation on each Rule 37 request for expenses is akin to requiring the district court, who has referred discovery supervision to a magistrate judge, to address, *de novo*, at least one aspect of each motion to compel filed by a party. Requiring a report and recommendation likewise undermines the authority of the magistrate judge to be the supervisor of discovery, for if a magistrate judge only has the power to *recommend* (and not order) Rule 37 monetary awards, the magistrate judge cannot be an effective enforcer of its *own* pretrial discovery orders. Such a requirement would be counterproductive to the purpose of the Federal Magistrates Act—reducing the burden on the district courts.

Common sense also leads this Court to conclude that a Rule 37 order is not dispositive. At its core, a Rule 37(a)(5) order to award expenses is a discovery order that results directly from the granting or denying of a discovery motion. A discovery order is the quintessential nondispositive pretrial order. *See Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (emphasis added) (holding that Rule 72(a) governs the district court's review of "*any* discovery-related decisions made by the magistrate judge"). The undersigned magistrate judge in this case is charged with supervising pretrial discovery and ensuring discovery compliance. Doc. [179]. Indeed, magistrate judges are referred cases for discovery supervision nearly every day in this district *precisely because* discovery matters are generally pretrial matters under Section 636(a) and nondispositive under Rule 72(a), and therefore within the authority of the magistrate judge. Orders on motions to compel responses to documents requests, interrogatories, and requests to admit,

along with orders on motions for protective orders to halt unnecessary discovery, are routine, pretrial decisions that occur in nearly every civil case. It is hard to envision why Congress would seek to relieve this burden on district judges by treating discovery orders as nondispositive, but then reimpose that burden by treating the presumptive award of fees for violation of discovery rules as dispositive.

> **D.** **Every Circuit Court of Appeals to Squarely Decide the Issue Agrees and is Persuasive Authority**

This Court is further convinced that a magistrate judge has the power to award fees and costs under Rule 37, in light of the fact that every circuit court of appeals to squarely address the issue—the First, Second, Fourth, Fifth, Ninth, and Tenth Circuits—has so concluded without difficulty, and for similar reasons. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 6 (1st Cir. 1999) (citations omitted) ("Motions for sanctions premised on alleged discovery violations are not specifically excepted under 28 U.S.C. § 636(b)(1)(A) and, in general, they are not of the same genre as the enumerated motions. We hold, therefore, that such motions ordinarily should be classified as nondispositive."); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citations omitted) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation. Monetary sanctions pursuant to Rule 37 for noncompliance with discovery orders usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."); *Kebe ex rel. K.J. v. Brown*, 91 F. App'x 823, 827 (4th Cir. 2004) ("The magistrate judge's order disposing of Kebe's Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72."); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981) ("Since discovery issues are by definition pretrial matters, the magistrate possessed authority under 28 U.S.C. § 636(b)(1)(A) to assess reasonable expenses and attorney's fees under Rule 37(a)(4), even after judgment was

rendered in the case."); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991) (holding magistrate judges may impose prospective, nondispositive sanctions designed to compel compliance with discovery order because discovery is a pretrial matter); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions."). *See also Builders Insulation of Tennessee, LLC v. S. Energy Sols.*,[4] No. 17-CV-2668-TLP-TMP, 2020 WL 265297, at *4 (W.D. Tenn. Jan. 17, 2020) (collecting cases and observing: "There is little debate as to whether a magistrate judge can enter an order imposing monetary sanctions on a party under Rule 37").

The issue of whether a magistrate judge may issue monetary discovery sanctions as an order rather than a recommendation was thoroughly examined in the Second Circuit. Specifically, in *Kiobel v. Millson*, three concurring judges grappled with the question, and ultimately all agreed that Rule 37 sanctions orders are not dispositive. There were two grounds for appeal in *Kiobel*: (1) whether a magistrate judge was authorized to issue an order imposing Rule 11 monetary sanctions as a final order; and (2) whether the imposition of Rule 11 monetary sanctions could be sustained as a matter of law in that case. *Kiobel v. Millson*, 592 F.3d 78, 79 (2d Cir. 2010). The

---

[4] The recent *Builders* decision from the Western District of Tennessee supports the Court's position on another level as well. As a district court in the Sixth Circuit, the *Builders* Court faced *Bennett v. General Caster Service,* 976 F.3d 995 (6th Cir. 1992) when deciding that a magistrate judge can enter an order imposing monetary sanctions under Rule 37. *Bennett* held that a magistrate judge could not order Rule 11 sanctions, and the Seventh Circuit favored *Bennett*'s reasoning in the *Alpern* and *Retired Chicago Police* decisions. So the *Builders* Court was in a parallel position to this Court and nevertheless decided that a magistrate judge could order, rather than recommend, Rule 37 sanctions despite the Sixth Circuit's holding in *Bennett*. It is not the only district court in the Sixth Circuit to have done so. *See, e.g.*, *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 6:12-CV-91-GFVT-HAI, 2016 WL 11432471, at *1 n.1 (E.D. Ky. Mar. 16, 2016) ("Ordinarily, an award of attorneys' fees under Rule 37 is a non-dispositive matter that may be finally decided by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Zang v. Zang*, No. 1:11-CV-884, 2014 WL 5426212, at *4 (S.D. Ohio Oct. 22, 2014) (citations omitted) ("With few exceptions, orders concerning pre-trial discovery matters including the imposition of monetary sanctions for violations under Rule 37 are considered to be non-dispositive.").

panel was evenly divided on the first ground of appeal, but all of the *Kiobel* judges agreed that Rule 11 sanctions were not warranted, so the *Kiobel* Court reversed the district court solely on the second ground. *Id.* at 80. Yet, the arguments presented in a concurrence by Judge Cabranes regarding the first ground are central to the question presented here.

In his concurrence, Judge Cabranes followed *Alpern* in deciding that a magistrate judge did not have the authority to issue Rule 11 sanctions as an order. Judge Cabranes reasoned that a Rule 11 motion for sanctions, "though it arises in the context of an underlying action, is the functional equivalent of an independent claim." *Kiobel*, 592 F.3d 78, 86 (Cabranes, J., Concurring). In support of his contention that a Rule 11 sanctions motion "gives rise to proceedings that are separate and distinct from the underlying action," Judge Cabranes observed that, "in the majority of cases, Rule 11 proceedings do not involve the same parties as the underlying action." *Id.* at 87. Instead, "Rule 11 is primarily concerned with the conduct of lawyers." *Id.* Judge Cabranes further agreed with *Alpern* that the "resolution of a motion for Rule 11 sanctions is analogous—although surely not identical—to an action for damages insofar as the desired remedy is a monetary award to the movant." *Id.* In concluding that a magistrate judge does not have the authority to order Rule 11 sanctions as a final order, Judge Cabranes conceded that "some of the reasons which persuade[d him] that magistrate judges lack statutory authority to impose sanctions under Rule 11 might apply also to the imposition of sanctions under Rule 37." *Id.* at 88. Yet, Judge Cabranes concluded that his reasons for finding a Rule 11 sanctions order dispositive were not persuasive in the Rule 37 context "because of a magistrate judge's statutory, institutional, and historical authority over discovery proceedings." *Id.* Judge Cabranes further noted that the Second Circuit had already decided that magistrate judges had authority to issue Rule 37 sanctions in *Hoar*, but held that Rule 11 sanctions were different. *Id.* Judge Cabranes

highlighted important distinctions between Rule 11 and Rule 37, including the creation of an independent matter involving attorneys rather than the underlying parties, as well as the immediate appealability of Rule 11 sanctions. *Id.* at 87. According to Judge Cabranes, these distinctions show that a magistrate judge's lack of authority to issue Rule 11 sanctions does not impact the magistrate judge's authority to issue Rule 37 monetary sanctions. It is noteworthy that Judge Cabranes distinguished Rule 11 from Rule 37, considered the Seventh Circuit's decision in *Alpern*, and found that an award of Rule 37 costs was consistent with the *Alpern* decision and the Second Circuit's prior decision in *Hoar*. In this Court's view, Judge Cabranes' concurrence is indicative of how the Seventh Circuit would rule on the issue of a Rule 37 award, should it have the occasion to address it.

In summary, every circuit court to have examined the issue has concluded that a Rule 37 monetary award is within the authority of a magistrate judge to issue as orders. The other circuits' opinions are, moreover, based on arguments that this Court finds persuasive, such as the pretrial nature of discovery decisions and the lack of immediate appealability of a Rule 37 award.

### E. Conclusion on the Issue of Authority to Order Rule 37 Awards

In summary, the Court's analysis, which includes the examination of the text of Section 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure, the Supreme Court's decision in *Cunningham*, the purpose of the statute and rules governing the magistrate judge's authority, the decisions of every other circuit court of appeals that has examined the issue, combined with the Seventh Circuit's opinions in *Hunt*, *Domanus*, *Rickels*, and *Meux,* result in the following conclusion: a Rule 37 award is within a magistrate judge's power to issue as orders because it is a pretrial nondispositive matter. Accordingly, the Court's order on its decision to award fees and costs in this case stands as an order and is not a report and recommendation. Having determined

that this Court has the authority to issue a Rule 37 fee-shifting award, the Court turns to the other arguments raised in Plaintiff's Motion to Reconsider.

## III.    Plaintiff's Motion to Reconsider

### A.    Motion to Reconsider this Court's Order of November 8, 2019

In an order dated November 8, 2019, the Court awarded attorney's fees to Defendants as a result of the Court's decision granting in part and denying in part Defendant's motion to compel. Doc. [172].  As discussed above, the Court has now considered and determined that this award of costs is a pretrial, nondispositive matter that is within the authority of a magistrate judge to order.[5]

Turning to the other issues raised by Plaintiff on the award of costs, Plaintiff now contends that this Court was not aware of all the facts in finding that Plaintiff had engaged in several discovery violations.  In its November 8, 2019 order, the Court found that Plaintiff had served responses to Defendant's third sets of requests to produce late, specifically 17 days late, without any prior agreement to extend time, or motion to the Court for additional time. *See* Fed. R. Civ. P. 34(b)(2) (recognizing that responses must be made within 30 days and additional time to respond can be agreed to by the parties or ordered by the Court).  Furthermore, Plaintiff had to be reminded multiple times of his failure to respond by Defendants, and when he finally did respond, Plaintiff provided a one-line response that he had already produced documents in response to the requests. This was in clear contravention of Rule 34(b)(2), which requires responses to be provided separately for "each item or category," stating that inspection will be permitted (or copies produced in lieu of inspection), and identifying any objections on any documents that were withheld on the

---

[5] Similarly, Plaintiff has also suggested, for the first time on reconsideration, that the ability of this Court to consider the Rule 37(a) motion for costs was not within the scope of the district judge's referral to this Court. Doc. [181] at 2.  However, the district judge's referral order, issued on October 9, 2019, expressly included defendant's motion to compel, which also asserted the requests for Rule 37(a) costs, if the motion was granted. Doc. [159, 160].  Accordingly, Plaintiff's contention is without merit.

basis of an objection. Fed. R. Civ. P. 34(b)(2)(B)-(C). Finally, *after* the motion was filed, Plaintiff produced 35 pages of additional responsive documents, which in effect proved that his prior response was incorrect. *See* Fed. R. Civ. P. 37(a)(5) (noting that costs can be awarded when disclosure is made after the motion is filed). None of these facts were in dispute at the time of the Court's ruling, nor has Plaintiff provided any new facts to contest these original findings. As a result, the Court awarded one half of the attorney's fees and costs to Defendants for bringing its motion to compel pursuant to Rule 37(a)(5)(C). In particular, the Court awarded this amount because the other basis for Defendant's motion that claimed spoliation of evidence was denied. The Court also ordered Plaintiff to revise his response to the request for production to comply with Rule 34. As the Court previously stated, "If the discovery rules had been properly followed by Plaintiff, it would have avoided this dispute, the expense of full briefing on this discovery motion, and the Court's ruling." Doc. [172] at 2.

Federal Rule of Civil Procedure 54(b) governs Plaintiffs' motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *amended at* 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)). The standard applicable to motions to reconsider under Rule 54(b) is largely identical to that of Rule 59(e). *See, e.g., Morningware, Inc. v. Hearthware Home Prod., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) ("The standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b)."). "In general, motions for reconsideration are

'viewed with disfavor,' and they are granted 'only in the rarest of circumstances and where there is a compelling reason.'" *United States v. Givens*, No. 12 CR 421-1, 2016 WL 6892868, at *2 (N.D. Ill. Nov. 23, 2016) (*quoting HCP of Ill., Inc. v. Farbman Grp. I, Inc.*, 991 F. Supp. 2d 999, 1000 (N.D. Ill. 2013)). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal quotation marks omitted). Courts have repeatedly admonished litigants that a "motion to reconsider is not at the disposal of parties who want to rehash old arguments that previously were made and rejected, or to raise new arguments or evidence that could have been previously offered." *S.E.C. v. Lipson*, 46 F. Supp. 2d 758, 766 (N.D. Ill. 1998) (internal quotation marks and citations omitted). In short, "[a] party moving for reconsideration bears a heavy burden." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

First, in claiming that the Court's award of costs was unwarranted, Plaintiff provides a long recitation of the meet-and-confer process up to the point of the filing of Defendants' motion. While the Court initially declined to address this issue as unnecessary to its ultimate decision, the Court now finds that Local Rule 37.2 was satisfied prior to the filing of the motion. Specifically, the Court finds that the parties had numerous communications once Plaintiff had failed to provide a written response to Defendant's Third Set of Requests for Production. Defendants' counsel reached out to Plaintiff's counsel four times, noting that no responses had been produced to the requests, between July 10, 2019 and July 22, 2019. Doc. [132-2, 132-3, 132-4, 132-6]. When Plaintiff's counsel did respond, she claimed that documents and a written response would be forthcoming. Doc. [132-4, 132-5, 132-6, 132-7]. And during that timeframe, Plaintiff only

produced one email string on July 16, 2019, and the deficient one-line written response on July 22, 2019 that all documents had been produced. Doc. [132-7]. On July 23, 2019, Defendants filed the motion to compel.

Plaintiff now seemingly claims that the parties should have had a meet and confer conference on his one-line deficient response on or after July 22, 2019 before Defendants filed their motion. That argument is meritless—Rule 34(b)(2)'s requirement is crystal clear—and Plaintiff should have known that his response, which was already 17 days late—was nonetheless deficient, and as later confirmed by the additional production of documents, plainly incorrect. No matter, on October 18, 2019, the Court also ordered the parties to conduct a second meet-and-confer conference to resolve this dispute, along with a host of additional pending discovery motions. Doc. [164]. That second meet and confer conference resolved nothing on Defendant's motion to compel. Doc. [166] at 2.

The parties also dispute the preparation of a proposed affidavit of completion by Plaintiff regarding multiple discovery disputes as a result of the second meet and confer process ordered by the Court on October 18, 2019, and further argue over the preparation of the joint status report to the Court on that global meet and confer conference. All of this disagreement and contention, of course, is irrelevant. As is often the case with discovery disputes, the parties spend more time discussing the history of their communications about the dispute than actually discussing the relevant facts and law about the dispute. The only facts that matter here are that the parties had two meet-and-confer discussions pursuant to Local Rule 37.2 and that they could not resolve their dispute. The prior motion and response briefs stood, as did Plaintiff's prior one-line discovery response, and no additional action was taken by Plaintiff to resolve the discovery dispute at issue here. Courts have broad discretion to determine how to enforce local rules. *Autotech Techs. Ltd.*

*P'ship v. Automationdirect.com, Inc.*, No. 05 C 5488, 2007 WL 2736681, at *1 (N.D. Ill. Sept. 10, 2007) (*citing Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994)). Local Rule 37.2 was not meant to provide for an endless stream of discussions between counsel on discovery disputes, and the key requirements of good faith discussion and communication were met here. Two opportunities were more than sufficient for Plaintiff to resolve this dispute, and they were not taken by him.

Plaintiff's counsel claims that her lateness on the discovery response was not an intentional act, but one of negligence as a small firm with only one other full-time attorney. The Federal Rules of Civil Procedure do not operate differently depending on the size of the law firm, particularly in the context of simple discovery matters such as the one presented here. Also, to suggest that small or solo firms are incapable of following discovery rules would denigrate the value and experience of those practitioners, who are more than capable of properly engaging in rules-based discovery. Whether the act was one of intentional conduct or negligence is also irrelevant—Rule 37(a)(5) does not require the Court to find a particular mental state in order to award expenses to the successful party. *See Illinois Tool Works, Inc. v. Metro Mark Prod., Ltd.*, 43 F. Supp. 2d 951, 961 (N.D. Ill. 1999) (mere negligence or inadvertence does not prevent a court from awarding Rule 37 costs). Plaintiff's counsel also states that she has worked cooperatively with defendant's counsel in the past—whether that is true or not is immaterial to the issue in dispute here, although the Court notes that the parties brought six motions to compel within a matter of months, suggesting otherwise. Doc. [100, 109, 113, 132, 176, 201]. Indeed, the Court has previously noted that both sets of counsel could have operated with better communication and consideration in prior discovery disputes. Doc. [169]. Nor is this Plaintiff's counsel's only infraction on the issue of timeliness, as the Court noted in a November 4, 2019 order that Plaintiff's

counsel should have engaged in more "open, thoughtful, and conscientious" communication with opposing counsel in another discovery dispute. Doc. [171] at 2. Regardless, discovery must operate in accordance with the rules—that is why they exist—and in this particular case, the rules were violated.

In the next breath, and rather ironically given that Plaintiff argues that both parties have been cooperative, Plaintiff also claims that Defendants have engaged in egregious discovery violations and that Defendants should be sanctioned rather than him. As this Court has previously stated, "[t]he discovery rules do not operate in a way where one party's violation cancels out or excuses the other party's failure to comply." Doc. [172] at 2.

To the extent that Plaintiff's claims have any merit, the Court has considered them in the context of Rule 37(a)(5)(A)'s considerations for not awarding costs, just as it did when it initially awarded costs on November 8, 2019. Doc. [172]. Specifically, as discussed above, the Court finds that, pursuant to Rule 37(a)(5)(A)(i), the movant attempted in good faith to resolve the dispute prior to seeking court intervention through its attempt to obtain a response from Plaintiff. Furthermore, the Court finds that the nondisclosure and the course of events by Plaintiff was not substantially justified—Plaintiff has provided no substantial justification for a response that was 17 days late, non-compliant with the discovery rules, and where he produced documents only after a discovery motion had been filed, proving that his prior claim that all documents had been provided was inaccurate. *See* Fed. R. Civ. P 37(a)(5)(A).

As this Court previously stated, in order to cure the prejudice to Defendants, the award of costs for bringing the motion to compel is a just result here. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Furthermore, Rule 37(a) is not technically a "sanction" provision. *See Rickels v. City of South Bend*, 33 F.3d 785, 786 (7th Cir.1994) ("Rule 37(a)[5](A) presumptively requires every loser to

make good the victor's costs."). Indeed, the title of Rule 37(a)(5) reads: "Payment of Expenses; Protective Orders." Rule 37(a)'s award of costs, written as a mandatory provision unless certain exceptions are met, is meant to deter the losing party from violating the discovery rules in the future. *See* Advisory Committee Notes to Rule 37(a) (1970). The United States Supreme Court recognized this concept in *Cunningham*, when it noted that the Advisory Committee's change of the rule in 1970 "signaled a shift in presumption about the appropriateness of sanctions for discovery abuses." *Cunningham*, 527 U.S. at 207 n.5. Thus, an award of Rule 37(a) costs is not meant to punish Plaintiff or his counsel, but to merely apply the presumption that costs should be shifted to the victor.

Accordingly, on his motion to reconsider, Plaintiff's recitation of the meet and confer process and his explanation for why the responses were late do not constitute new evidence, nor do they show that the Court's decision was manifestly unjust pursuant to Rule 54(b). Accordingly, Plaintiff's motion to reconsider on this basis is denied.

**B.     Motion to Clarify this Court's Orders of October 30, 2019 and November 1, 2019**

Plaintiff also seeks clarification as to whether this Court awarded sanctions to Plaintiff in an order dated November 1, 2019, where the Court granted Plaintiff's Motion to Compel in part and denied it in part. Doc. [169]. Indeed, Plaintiff suggests that the Court may have implicitly awarded sanctions. Specifically, the Court found that Chicago State University's responses to Plaintiff's subpoena were non-compliant with the discovery rules because the University failed to identify whether any documents were withheld on the basis of an objection for undue burden. *See* Fed. R. Civ. P. 34(b)(2)(C). The Court also determined that in responses where the University had raised an objection on the basis of attorney-client and work product privileges, it was unclear as to whether a privilege log had been produced as to all of those objections. Accordingly, the Court

ordered the University to revise its responses to the subpoena. The Court, however, denied Plaintiff's motion to compel on three specific document requests (Request Nos. 9, 13, and 16).

Plaintiff's motion had also asked this Court to hold the University (and Defendant Board of Trustees) in contempt pursuant to Federal Rule of Civil Procedure 45(g), which provides that a Court may hold a person in contempt who after having been served with a subpoena, "fails without adequate excuse to obey the subpoena or an order related to it." Plaintiff's motion, in support of this contempt request, claimed that the University had not complied with the subpoena. Doc. [169] at 2.

However, contrary to Plaintiff's assertion, the Court did not implicitly hold the University in contempt. Such a serious action would require explicit discussion and analysis, and the Court did not believe such discussion was warranted given that it had *denied* the most important parts of Plaintiff's motion to compel. Doc. [169] at 2. Nor would the Court hold the Board in contempt under any circumstances, as it was not the recipient of the subpoena pursuant to Rule 45. Rather, the Court explicitly stated that it did not desire to take any action "such as the requested contempt sanctions by Plaintiff." Doc. [169] at 1. Rather, the Court found that "both parties bear responsibility here on simple matters—effectively communicating on extensions of time to respond, working collaboratively through a rolling production, [and] providing clear and full responses to a document subpoena[.]" *Id.* Plaintiff's discussion on the issue of contempt was also undeveloped and perfunctory, Doc. [113], including failing to identify the burden of proof—clear and convincing evidence—and failing to analyze the test in this Circuit for finding civil contempt under Rule 45(g). *See*, *e.g.*, *Keen v. Merck Sharp & Dohme Corp.*, No. 15-cv-1178, 2019 WL 1595883, at *3 (N.D. Ill. April 15, 2019); *Boehm v. Scheels all Sports, Inc.*, No. 15-CV-379-JDP, 2016 WL 6124503, at *2 (W.D. Wis. Oct. 20, 2016). The same is true of any Rule 37 request for

sanctions against Defendant Board of Trustees, where Plaintiff did not even discuss or analyze the issue in the context of a third-party subpoena issued to the University. Doc. [113]. The Seventh Circuit has warned attorneys, time and again, that perfunctory arguments, unsupported by pertinent authority, are deemed waived. *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (citations omitted) ("We have repeatedly and consistently held that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'"). *See also Taylor-Novotny v. Health All. Med. Plans, Inc*., 772 F.3d 478, 497 n.78 (7th Cir. 2014); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Plaintiff's motion for reconsideration suffers from the same, fatal errors.

Plaintiff also claims that the Court may have awarded attorney's fees in an Order dated October 30, 2019. Doc. [167]. In that order, the Court found that the Board of Trustees (a named party in this lawsuit) had possession, custody and control over the University's records such that it must search and produce those documents in response to Plaintiff's document requests under Federal Rule of Civil Procedure 34. *Id.* at 2. Plaintiff seeks clarification as to whether this Court, in granting the motion in part and denying it in part, intended to impose any sanctions on Defendants, and if not, to consider doing so at this time. Needless to say, the Court did not implicitly impose any Rule 37 costs on Defendants. Most importantly, Plaintiff's original motion did not even make such a request, or even discuss the relevant law on the matter. Doc. [100]. Arguments raised for the first time in a motion to reconsider are waived if they could have been raised in the original motion. *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004). A motion for reconsideration does not allow a party to make arguments or take positions that were available to it in the original round of briefing on the matter. *See, e.g., Melesio-Rodriguez v. Sessions*, 884 F.3d

675, 678 (7th Cir. 2018); *United States v. King*, 490 F. App'x 810, 813 (7th Cir. 2012). Accordingly, there is nothing for this Court to reconsider.

Finally, Plaintiff asks this Court to reconsider a portion of its November 1, 2019 order, Doc. [169], where Plaintiff sought to compel production of invoices for legal services provided by law firms to the University. After the district judge addressed the matter in court, the University responded, claimed attorney-client privilege, and asserted that it had produced a privilege log. In this Court's ruling, the Court noted that Plaintiff had not filed a reply brief, or filed a motion seeking to challenge the assertion of the privilege. *Id.* Plaintiff now states that the district judge, before the case was referred to this Court, had stated she was inclined not to order a reply brief on a host of pending discovery disputes. Doc. [181, 181-9]. This minor fact does not warrant reconsideration of this Court's prior order. In his original motion, Plaintiff's primary argument was that the failure to provide a timely privilege log constitutes waiver of the attorney-client privilege on the objections to the production of the legal invoices. That argument is meritless. Plaintiff and the University addressed the University's objections orally with the district judge on June 21, 2019, and Plaintiff also asserted the same argument that the objections had been waived because a privilege log had not been provided. Defendants responded that they needed time to review the documents and produce a privilege log given the volume of documents at issue. Defendants also informed the district judge that they were relying on communications from Plaintiff that, in their view, provided them an extension of time to respond. Doc. [181-9] at 9. Plaintiff disputed whether an extension of time to respond had been agreed to. *Id.* Once again, the parties argued over the history of their communications much more than the legal issues at stake, and made claims that each party was misrepresenting the other's position. *See*, *e.g.*, Doc. [128] at 7-11. The district judge permitted the University time to file a response to the motion to compel,

and directed it to produce a privilege log with its response, in addition to completing its document production. Doc. [181-9] at 12. The University subsequently filed the response and produced a privilege log. Doc. [128] at 8 n.2.

The district judge was well-within her discretion to manage the discovery dispute in this manner pursuant to the flexibility provided by Fed. R. Civ. P. 16 and 26, rather than deem the non-production of a privilege log a waiver. Moreover, the Court, in its initial November 1, 2019 order, and on reconsideration, reaches the same result. Given the nature of the dispute, the district judge reasonably sought to order a response and a privilege log, and provided the University time to do so. This Court, on referral, has also determined that the motion to compel the legal invoices on the basis of waiver was not the proper approach, given the disputes over whether the time to respond had been extended, and the district judge's handling of the matter. And, once again, Plaintiff has failed to address the legal standards or authority in arguing a waiver. *See Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 913 (N.D. Ill. July 1, 2015) (finding that the "cases are not harmonious as to when a privilege log is impermissibly late and whether forfeiture of a claimed privilege is a consequence of a belated filing."). Moreover, this is not the case where a court should find a waiver of privilege—to do so would be too harsh a consequence. Plaintiff has now filed motions challenging the assertion of the attorney-client privilege by Defendants, *see* Doc. [198, 201], which remain pending, and which should address the claim of attorney-client privilege on the merits. Accordingly, Plaintiff has failed to establish on reconsideration that the Court's decision was clearly erroneous or would work a manifest injustice under Rule 54(b).

## Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration and clarification [181] is denied. However, in light of the upcoming settlement conference, execution of the Court's order

of November 8, 2019 order, specifically the payment of Rule 37(a)(5) fees to Defendants, Doc.

[172], is stayed at this time and will be further addressed at the settlement conference.

**SO ORDERED.**

Dated:  March 16, 2019

Sunil R. Harjani
United States Magistrate Judge